## CITY OF CLIFTON, PROSECUTOR, v. STATE BOARD OF TAX APPEALS ET AL., DEFFENDANTS.

Decided July 26, 1946.

Before CASE, CHIEF JUSTICE, and Justice DONGES.

For the prosecutor, *John G. Dluhy* and *Frank W. Shershin.*

For the defendants, *Louis A. Fast, Joseph L. Lippman* and *Samuel I. Kessler.*

The opinion of the court was delivered by

DONGES, J. This case was before us on *certiorari* to review the judgments of the State Board of Tax Appeals, in four appeals to that Board, which resulted in the exemption from taxation for the year 1940 of four parcels of land known as Lot 30, Block 281; Lot 25, Block 270; Lot 25A, Block 270; and Lot 1, Block 270. Upon the proofs before us the judgments were affirmed, 131 *N. J. L.* 356. Appeal was taken to the Court of Errors and Appeals and the action of that Court was to remand the matter to this court for determination of questions referred to in the opinion of the Court of Errors and Appeals. 133 *Id.* 379.

In this court, the prosecutor filed nine reasons for reversing the judgments of the State Board of Tax Appeals. These reasons stated error as follows:

"1. That the State Board of Tax Appeals of the State of New Jersey erred in finding that the lands affected by said judgments were exempt from taxation under the provisions of the laws of the State of New Jersey.

"2. That the State Board * * * 'erred in finding that the lands affected by its judgments were owned or controlled by a rural cemetery association.'

"3. The State Board * * * 'erred in finding that the lands affected by its judgments were exempt from taxation whereas said lands were owned and controlled by a business corporation not entitled to such exemption.'

"4. The State Board * * * 'erred in finding that it had jurisdiction of the matters before it whereas the West Ridgelawn Cemetery was not a person "aggrieved" by the judgments of the Passaic County Board of Taxation.'

"5. The State Board * * * 'erred in its judgments because the West Ridgelawn Cemetery was without authority to take appeals for and in behalf of the Cresthaven Cemetery Association, Inc., a business corporation, or the Cresthaven Cemetery Association, a rural cemetery.'

"6. The State Board * * * 'erred in its judgments because it held that the lands in question were in the possession or control of a rural cemetery entitled to exemption from taxation under the laws of this state.'

"7. The State Board * * * 'erred in finding that the lands affected by its judgments were actually owned by a cemetery association and actually used for cemetery purposes or were within reasonable contemplation for use for such purposes.'

"8. The State Board * * * 'erred in finding that the Cresthaven Cemetery Association, a rural cemetery, had succeeded to the interest of the Cresthaven Cemetery Association, Inc., a business corporation, and was in fact in charge and control of the operation of a cemetery.'

"9. The State Board * * * 'erred in reversing the judgment of the Passaic County Board of Taxation affirming the

assessments levied by the City of Clifton against such premises.' "

In its brief, these reasons were stated as follows:

"1. The State Board of Tax Appeals' should have found that the lands in question were owned and controlled by a business corporation so as not to entitle them to exemption from taxation. (Reasons for reversal 1, 2, 3, 6, 7, 8 and 9.)

"2. The State Board of Tax Appeals erroneously held that the lands in question were actually owned and used by a rural cemetery association for cemetery purposes or were within reasonable contemplation for use for such purposes. (Reasons for reversal 1, 7 and 9.)

"3. The State Board of Tax Appeals had no jurisdiction to enter the judgments complained of. (Reasons for reversal 1, 4, 5 and 9.)"

From the record before this court, it clearly appears that only three questions were raised, namely, were the lands in question owned and controlled by a business corporation; were the lands actually owned and used by a rural cemetery association for cemetery purposes or within reasonable contemplation for use for such purposes; and did the State Board have jurisdiction to enter the judgments.

From a review of all of the testimony, that submitted to the State Board and upon depositions under the writ of *certiorari,* we concluded that, as a matter of fact, the lands in question were owned by an "appropriate cemetery association," meaning thereby that the lands were owned by a rural cemetery association and not by a business corporation. Further, we found as a fact that the lands in question were, on the assessing date, laid out and dedicated for cemetery uses, and that they were either actually used for burials, or were being laid out and prepared for such use. We proceeded upon the theory that the burden of proof was upon the person seeking exemption from taxation to establish such right and concluded that the respondent had carried the burden of proof.

The only other question before us on the reasons for reversal was as to the status of the respondent, West Ridgelawn Cemetery, to file a petition with the State Board of Tax Appeals for the exemption from taxation of the properties involved.

Inasmuch as the legal title was in the petitioner on the assessing date, it was a person aggrieved within the meaning of the statute (*R. S.* 54:3–21), and the Board had jurisdiction to determine the matter.

From the opinion of the Court of Errors and Appeals it would appear that questions were raised in that court that are not within the scope of the reasons for reversal filed in this court.

As stated above, we considered the proofs that were within the reasonable scope of the questions properly brought before us, and have made determination thereof. Questions not reasonably within the record before us have not been dealt with. Points argued on *certiorari* and not based on a filed reason cannot avail and need not be considered. *Rahway* v. *Board of Health of the State of New Jersey,* 80 *N. J. L.* 166; *Lucas* v. *Board of Commissioners of the Town of Montclair,* 128 *Id.* 152; *affirmed,* 130 *Id.* 533. A reason that merely says the judgment complained of was erroneous is too general to be considered on *certiorari, Weishaupt* v. *Weishaupt,* 104 *Id.* 465; *Compton* v. *Compton,* 113 *Id.* 171, unless the illegality is apparent on the face of the record. *Paterson* v. *Board of Chosen Freeholders,* 56 *Id.* 459. The presumption is in favor of the findings of the State Board and such findings will not be disturbed in the Supreme Court unless it appears that the Board was in error. *Garfield* v. *State Board,* 131 *Id.* 364; *affirmed,* 132 *Id.* 153.

Our conclusion is that the property in question is exempt from the taxation imposed and that the judgments of the State Board of Tax Appeals should be affirmed, with costs.